B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Southern District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>453 SIXTH AVENUE, LLC, a Delaware Limited Liability Company | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):    EIN: 20-8640187 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State)<br>453 Sixth Avenue<br>San Diego, CA<br>ZIPCODE 92101 | Street Address of Joint Debtor (No. and Street, City, and State<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>San Diego | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>Malcolm Davies, Manager<br>800 W. Ivy Street, No. D<br>San Diego, CA 92101<br>ZIPCODE 92101 | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIPCODE |

**Type of Debtor**
(Form of Organization)
(Check one box)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [x] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

Limited Liability Company

**Nature of Business**
(Check one box)

- [ ] Health Care Business
- [x] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only)   Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only).   Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:

- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [x] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000

Check all applicable boxes

- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 |

**Estimated Assets**

| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | More than $1 billion |

**Estimated Liabilities**

| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | More than $1 billion |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.5.1-744 - 33025

Case # : 10-02285-JM11
Debtor : 453 SIXTH AVENUE, LLC, A DELAW
Judge. : JAMES MEYERS
Chapter : 11
Filed : February 16, 2010    09:36:06
Deputy : MEGAN CASS
Receipt: 208728
Amount : $1,039.00
FEE NOT ORDERED
Clerk, U.S. Bankruptcy Court
Southern District Of California

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>453 SIXTH AVENUE, LLC, a Delaware Limited Liability Company |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  NONE | Case Number: | Date Filed: |
| Location<br>Where Filed:  N.A. | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:  NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)    Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (1/08) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>453 SIXTH AVENUE, LLC, a Delaware Limited Liability Company |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code.  Certified copies of the documents required by § 1515 of title 11 are attached.

☐  Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition.    A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
(Date)

### Signature of Attorney*

X _____
   Signature of Attorney for Debtor(s)
   DARVY MACK COHAN 56753
   Printed Name of Attorney for Debtor(s)

   Firm Name
   7855 Ivanhoe Avenue, Suite 400
   Address
   La Jolla, California  92037

   (858) 458-4432
   Telephone Number
   February 12, 2010
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110,  2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____

_____
Date

Signature of bankruptcy petition  preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual
   SSEG SIXTH AVENUE, LLC ,
   Printed Name of Authorized Individual
   Managing Member, by MALCOLM DAVIES, Manager
   Title of Authorized Individual
   February 12, 2010
   Date

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.5.1-744 - 33035

B4 (Official Form4)(12/07)

# UNITED STATES BANKRUPTCY COURT
## Southern District of California

453 SIXTH AVENUE, LLC, a Delaware Limited
Liability Company

In re _____ ,
Debtor

Case No. _____

Chapter    11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1)<br>*Name of creditor and complete mailing address including zip code* | (2)<br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br>*Nature of claim (trade debt, bank loan, government contract, etc.* | (4)<br>*Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | (5)<br>*Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| PCL Contractors<br>4690 Executive Drive<br>San Diego, CA<br>92121-4010 | Daren Chestnutt<br>4690 Executive Drive<br>San Diego, CA  92121-4010<br>858-657-3400 | | Disputed | 1,000.00 |
| Judkins Glatt and Getz<br>530 B Street, Suite 1800<br>San Diego, CA<br>92101-4476 | Andrew Glatt<br>530 B Street, Suite 1800<br>San Diego, CA  92101-4476<br>619-232-4604 | Trade Debt | | 5,000.00 |
| B and G Consultants<br>750 B Street, Suite 1860<br>San Diego, CA<br>92101-8122 | Tony Piscitello<br>750 B Street, Suite 1860<br>San Diego, CA  92101-8122<br>619-595-7800 ex 102 | Trade Debt | | 40,000.00 |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.5.1-744 - 33025

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| Glaser Weil Fink Jacobs 10250 Constellation Los Angeles, CA 90067-6200 | Glaser Weil Fink Jacobs 10250 Constellation Los Angeles, CA 90067-6200 310-553-3000 | Trade Debt | | 57,000.00 |
| Fehlman Labarre 2605 Stae Street San Diego, CA 92103-6419 | Mike Labarre 2605 Stae Street San Diego, CA 92103-6419 619-234-0789 | Trade Debt | | 150,000.00 |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, [the president or other officer or an authorized agent of the corporation] named as debtor in this case, declare under penalty of perjury that I have read the foregoing LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS and that it is true and correct to the best of my information and belief.

Date _____

Signature 

SSEG SIXTH AVENUE, LLC , ,
Managing Member, by MALCOLM DAVIES,
Manager

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.5.1-744 - 33025

## UNITED STATES BANKRUPTCY COURT
### Southern District of California

453 SIXTH AVENUE, LLC, a Delaware Limited
Liability Company

In re _____,          Case No.  10-02285

Debtor

Chapter  11

## VERIFICATION OF LIST OF CREDITORS

I hereby certify under penalty of perjury that the attached List of Creditors which consists of 5 pages, is true, correct and complete to the best of my knowledge.

Date  February 12, 2010          Signature _____, Manager

SSEG SIXTH AVENUE, LLC , ,
Managing Member, by MALCOLM DAVIES,
Manager

Darvy Mack Cohan
7855 Ivanhoe
Avenue, Suite 400
La Jolla, California  92037
(858) 458-4432
(858) 454 3549

Anthony Morreale & Sara Revo
1764 Cottonwood Drive
Vista, CA 92081-4500


B and G Consultants
750 B Street, Suite 1860
San Diego, CA 92101-8122


B and G Consultants
750 B Street, Suite 1860
San Diego, CA 92101-8122


Blue Corner Capital, LLC
967 Reed Avenue
San Diego, CA 92109-4017


Bonnie and Mark Larsen
1110 Novilunio
San Clemente, CA 92673-3553


Brothers Equity Group
1644 Crespo Drive
La Jolla, CA 92037-3844


Carole A. Brusaschetti
3614 Voyager Circle
San Diego, CA 92130-1848

CW Services, LLC
2525 E. Camelback Road, Suite 150
Phoenix, AZ  85016


Dave and Joann Stang
1032 Spring Bank Lane
Coldwater, MI  49036-8023


Far East Nationa Bank
c/o Assayaag & Mauss
2915 Redhill Avenue, No. 200
Costa Mesa, CA  92626-5916


Fehlman Labarre
2605 Stae Street
San Diego, CA 92103-6419


Glaser Weil Fink Jacobs
10250 Constellation
Los Angeles, CA 90067-6200


Hal Gross
28455 Meadow Mesa Lane
Escondido, CA 92026-6507

James Brusaschetti
5444 Sonoma Place
San Diego, CA  92108-5754

Joe Morreale
14081 Scenic View Road
Parris, CA  92570-9404


Judkins Glatt and Getz
530 B Street, Suite 1800
San Diego, CA  92101-4476


Kappa Kai Properties
28455 Meadow Mesa Lane
Escondido, CA  92026-6507


Koehnen Trust
4760 Gardena Avenue
San Diego, CA  92110-3546


Lauren Hunter
1996 Calle Madrigal
La Jolla, CA  92037-6408


Mae Go
500 Foothill Boulevard
Salt Lake City, UT  84148-0001


Mala Nani Properties
1644 Crespo Dive
La Jolla, CA  92037-3844

Mara Escrow Company
17327 Venturas Boulevard
Encino, CA  91316-3906


Marilee Brusaschetti
5444 Sonoma Place
San Diego, CA  92130-5754


Michael and Marie Galvin
2296 Morgan Road
Carlsbad, CA 92008-7114


Michael Varley
932 Avenida Presidio
San Clemente, CA  92672-2216


Paul Burlingham
1852 Beverly Glen Drive
Santa Ana, CA  92705-3302


PCL Contractors
4690 Executive Drive
San Diego, CA  92121-4010


Peter Joseph Morreale
14081 Scenic View Road
Parris, CA  92570-9404

Phil Sokol
967 Reed Avenue
San Diego, CA  92109-4017


ProBuilders Specialty Insurance Company
2859 Paces Ferry Road
Atlanta, GA  30339-5701


Quality Assurance Inspections
17942 Sky Park Circle, Suite J
Irvine, CA 92614


RCP Nolen, Ltd
99 Main Street, Suite 100
Colleyville, TX  76034-2963


RCP San Diego Nolen, Ltd,
99 Main Street, Suite 100
Colleyville, TX  76034-2963


Realty Capital Partners
99 Main Street, Suite 100
Colleyville, TX  76034-2963

SSEG Sixth Avenue, LLC,
c/o Malcolm Davies, Manager
800 W. Ivy, No. D
San Diego, CA 92101


Stang Trust
1032 Spring Bank Lane
Coldwater, MI  49063-8023


T.D. Service Company
1820 E. First Street. Suite 210
Santa Ana, CA 92705


Tony and Sara Morreale
1764 Cottonwood Drive
Vista, CA  92081-4500


Varley Farm Trust
932 Avenida Presidio
San Clemente, CA  92672-2216

CSD 1009 [04/28/96]
Name, Address, Telephone No. & I.D. No.

**DARVY MACK COHAN**   State Bar Number 056753
Attorney at Law
7855 Ivanhoe Avenue, Suite 400
La Jolla, California 92037
Telephone Number (858) 459-4432
Facsimile Number  (858) 454-3548

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

453 SIXTH AVENUE, LLC,
a Delaware Limited Liability Company,

Debtor.

BANKRUPTCY NO.

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 350.00 per hour for legal services of Darvy Mack Cohan, $250.00 per hour for legal services of an associate, if necessary, and $125.00 per hour for paralegal services, and reimbursement for actual costs incurred, subject to subject to bankruptcy court approval and award pursuant to Bankruptcy Code Section 330, per written Retainer Agreement, a true and correct copy of which is appended hereto s Exhibit "A", and by reference incorproated herein.

     Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . $22,500.00, of which  the sum of $20,000.00 is allocable to legal services to be performed and the sum of $2,500.00 is allocable to costs to be incurred.

     Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0.00

2.  The source of the compensation paid to me was:

          ☐ Debtor              ☒ Other (specify)

     Members of the Debtor paid the sums directly from their own funds and the Retainer amount in not property of the bankruptcy estate.  The declarations of the Members are attached hereto as Exhibits "B" and "C", and by reference incorporated herein.

3.  The source of compensation to be paid to me is:

          ☐ Debtor              ☒ Other (specify)

CSD 1009

[Continued on Page 2]

To the extent of the Retainer amount, the source of compensation to be paid to me will be the Members of the Debtor and not the property or assets of the bankruptcy estate. Sums approved and awarded in excess of the Retainer Amounts will be payable from the Debtor's bankruptcy estate.

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**CERTIFICATION**

CSD 1009

CSD 1009 [04/28/96]
Name, Address, Telephone No. & I.D. No.

**DARVY MACK COHAN**   State Bar Number 056753
Attorney at Law
7855 Ivanhoe Avenue, Suite 400
La Jolla, California 92037
Telephone Number (858) 459-4432
Facsimile Number  (858) 454-3548

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

453 SIXTH AVENUE, LLC,
a Delaware Limited Liability Company,

                                                        Debtor.

BANKRUPTCY NO.

        I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

DATED:        February 12, 2010

                                        DARVY MACK COHAN
                                        _____
                                        (Name of Law Firm)

CSD 1009                                                      [Continued on Page 2]

EXHIBIT "A"

### DARVY MACK COHAN
ATTORNEY AT LAW
7855 IVANHOE AVENUE, SUITE 400
LA JOLLA, CALIFORNIA 92037
TELEPHONE (858) 459-4432
FACSIMILE (858) 454-3548
EMAIL ADDRESS: DMC@COHANLAW.COM

February 10, 2010

Malcolm Davies, Manager
SSEG Sixth Avenue, LLC, a Delaware Limited Liability Company, Managing Member
453 Sixth Avenue, LLC, a Delaware Limited Liability Company
800 W. Ivy Street, No. D
San Diego, CA 92101

Re:  Retainer Agreement for Legal Services in Chapter 11 Proceeding  for
      453 Sixth Avenue, LLC, a Delaware Limited Liability Company

Dear Mr. Davies:

The purpose of this letter is to confirm my retention in accordance with the understanding reached in our previous telephone conference, and to set forth in written form, as is currently required by the California Business & Professions Code, the terms and conditions of the arrangement under which I have agreed to undertaking the representation of 453 Sixth Avenue, LLC, a Delaware Limited Liability Company, ("Debtor") in a bankruptcy reorganization proceeding under the provisions of Chapter 11 of Title 11 United States Code, and related adversary proceedings contemplated therein.

My legal services will include all legal service as shall be or shall become necessary in the representation of the Debtor in a Chapter 11 reorganization proceeding to be filed in the United States Bankruptcy Court, Northern District of California, sitting in San Francisco, California, including but not limited to the legal evaluation of the Debtor's financial condition and prospects for reorganization, the preparation of required petitions, schedules, and exhibits, the formulation of a plan of reorganization, and the drafting of all applications, disclosure statements, plans, required reports, adversary complaints and associated pleadings and the representation of the Debtor in all creditors' proceedings and at hearings before the court, including adversary proceedings or state court litigation, if necessary.  As we discussed, should I be personally unavailable for any required court appearance because of conflicting time scheduling, I may associate other counsel for the specific purpose of making such appearance.

You expressly agree that I will have the cooperation and assistance of the Debtor's personnel, to the extent that they may perform or provide services to or for the Debtor, in assembling or compiling the required financial information, and in preparing the necessary pleadings and periodic reports that are required of the Debtor in the Chapter 11 proceeding.  This cooperation includes the obligation for all personnel of the Debtor to be truthful, informing me of all developments, abiding by this contract, and providing me with access to the Debtor's records and documents.

Malcolm Davies, Manager
453 Sixth Avenue, LLC, a Delaware Limited Liability Company
Re:  Chapter 11 Retainer Agreement
February 10, 2010
Page 2

 My professional fee in any matter, and in particular in matters of bankruptcy reorganization which will potentially include litigation is based upon the degree of complexity and responsibility involved in the engagement, as well as my own degree of expertise and years of experience.  My professional fee includes the complexities of the facts involved in this matter, the rights and duties involved in this engagement and, additionally, the substantiality of the rights of the client at stake in this engagement.  However, my employment is subject to approval by the bankruptcy court under 11 U.S.C. Section 330, and the amount of the fees that I may be awarded will be subject to bankruptcy court approval and order. In our discussion, we have discussed several potential courses of action to be taken in this matter, including the need for adversary proceedings to contest creditor security interests, and to invalidate conversion of equity positions to debt.  However, it is expressly understood that in matters of this nature,  I cannot and do not guarantee the outcome of any plan, strategy or litigation.

 I have agreed to undertake the representation of the Debtor and you have agreed to compensate me for my professional services at the following rates, and upon approval of the bankruptcy court, after application and hearing in accordance with local rules:

| For the professional services of | Darvy Mack Cohan | $350.00 per hour |
| | Associate Attorney | $250.00 per hour |
| | Paralegal | $125.00 per hour |

Additionally, I will be entitled to reimbursement for the actual costs that I incur in such representation, subject to bankruptcy court approval.

 In light of the complexity of this case, and the foreseeable adversary proceedings that will be required, as well as the estimated amount of legal services that are required in a Chapter 11 proceeding through the proposal and confirmation of a plan of reorganization, you have agreed to provide me with a retainer for professional legal services to be rendered on the foregoing schedule in the amount of Twenty Five Thousand Dollars ($20,000.00) and a cost retainer in the amount of Two Thousand Five Hundred Dollars ($2,500.00) for costs to be incurred in this representation.  You have agreed to effect the deposit of the retainer amounts to my Client Trust Account, by wire transfer, and I will maintain it for the Debtor's credit, subject to further order of the bankruptcy court, and will apply the same towards services to be rendered in this matters and the costs that I may incur on the Debtor's behalf, upon approval thereof by the bankruptcy court in accordance with local rules.

 It is expressly understood, that said retainer is not being paid by the Debtor, or with the Debtor's funds, but is being paid on the Debtor's behalf by its Members for the specific purpose of commencing the Chapter 11 Bankruptcy proceeding contemplated herein.  While the Members may account for the retainer amount between themselves in any manner that they wish, the Members understand, and by separate written acknowledgment each confirms, that:

Malcolm Davies, Manager
453 Sixth Avenue, LLC, a Delaware Limited Liability Company
Re:  Chapter 11 Retainer Agreement
February 10, 2010
Page 3

     a.     I have no prior business relationship with the Members, or any of them, that I have not previously represented any of the Members;

     b.     In accepting such retainer, I am not being engaged to represent the Members, or any of them, and each Member agrees and represent that retainer is being paid voluntarily by the Members on behalf of the Debtor solely because the Debtor is otherwise unable to pay for the legal services necessary to institute the Chapter 11 bankruptcy proceeding contemplated herein.

     c.     The Members further understand that my fiduciary duty and duty of loyalty is, shall be and will be solely to the Debtor and the estate of the Debtor, and not to the Members, individually or collectively, and that they freely waive any conflict of interest, whether real or apparent, that my accepting such retainer may create, or be deemed to create.

     d.     Each Member represents that it has had the opportunity to and has consulted independent counsel and acknowledges that it has no *individual* legal liability for providing payment based upon this Agreement, that its contributions shall not be deemed a guarantee of the fees and expenses and, further, that its contribution so made shall create no direct obligation by it to me for fees, or reimbursement of costs that I may ultimately be awarded by the Bankruptcy Court pursuant to Bankruptcy Code Section 330.

     If you are in agreement with the terms of this fee agreement as set forth above, please so acknowledge by your signature, date the letter in the spaces provided below, return the executed copy to me and arrange for the wire transfer of the retainer amount and cost deposit as set forth above.

Sincerely,

Darvy Mack Cohan

ACCEPTED AND AGREED:
Dated:  2 / 12 / 10

453 SIXTH AVENUE, LLC,
a Delaware Limited Liability Company

By   SSEG Sixth Avenue, LLC,
    a Delaware Limited Liability Company,
    Managing Member,

    By_____, Manager
    Malcolm Davies, Manager

EXHIBIT "B"

DECLARATION OF
SSEG SIXTH AVENUE, LLC, A DELAWARE LIMITED LIABILITY COMPANY
RE: ATTORNEY FEE AGREEMENT

---

I, MALCOLM DAVIES, declare:

1.      I am the Manager of SSEG SIXTH AVENUE, LLC, A DELAWARE LIMITED

LIABILITY COMPANY, (hereinafter "SSEG"), the Manageing Member of 453 SIXTH

AVENUE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, (hereinafter the "Debtor")

which will be the Debtor in the Chapter 11 bankruptcy proceeding contemplated to be

commenced in the Retainer Agreement for Legal Services in Chapter 11 Proceeding for 453

Sixth Avenue, LLC, a Delaware Limited Liability Company dated February 10, 2010, (the

"Retainer Agreement"), and I am authorized to make this declaration on behalf of SSEG.

2.      I have received and read a copy of the Retainer Agreement, and I know the

contents thereof.  SSEG has contributed the sum of $9,084.79 toward said Retainer, consents to

the employment of Darvy Mack Cohan (hereinafter referred to as the "Attorney") as counsel for

the Debtor thereunder and consents to the commencement of the Chapter 11 Bankruptcy.

3.      SSEG specifically represents that:

a.      It has had no prior business relationship with the Attorney, and has not been

previously represented by the Attorney.

b.      It is not engaging the Attorney to represent its interests has paid its portion of the

retainer voluntarily on behalf of the Debtor solely because the Debtor is otherwise unable to pay

for the legal services necessary to institute the Chapter 11 bankruptcy proceeding.          c.

It understands that the Attorney's fiduciary duty and duty of loyalty is, shall be and will be

solely to the Debtor and the estate of the Debtor, and not to SSEG, and freely  waives any

conflict of interest, whether real or apparent, that the Attorney's accepting such retainer may create, or be deemed to create.

      d.     It represents that it has had the opportunity to and has consulted independent counsel and acknowledges that it has no *individual* legal liability for providing payment based upon the Retainer Agreement, that its contributions shall not be deemed a guarantee of the fees and expenses and, further, that its contribution so made shall create no direct obligation by it to the Attorney for fees, or reimbursement of costs that may ultimately be awarded by the Bankruptcy Court pursuant to Bankruptcy Code Section 330.

      I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 12th day of February, 2010, at San Diego, California.

MALCOLM DAVIES

EXHIBIT "C"

DECLARATION OF
RCP SAN DIEGO NOLEN, LTD, A TEXAS LIMITED PARTNERSHIP
RE: ATTORNEY FEE AGREEMENT

I, RICHARD MYERS, declare:

1.     I am the President of RCP GenPar, Inc, the General Partner of RCP SAN DIEGO

NOLEN, LTD, A TEXAS LIMITED PARTNERSHIP, (hereinafter "RCP"), and in that capacity

I am authorized to make this declaration on its behalf. RCP is a Member of 453 SIXTH

AVENUE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, (hereinafter the

"Debtor") which will be the Debtor in the Chapter 11 bankruptcy proceeding contemplated to be

commenced in the Retainer Agreement for Legal Services in Chapter 11 Proceeding for 453

Sixth Avenue, LLC, a Delaware Limited Liability Company dated February 10, 2010, (the

"Retainer Agreement").

2.     I have received and read a copy of the Retainer Agreement, and I know the

contents thereof. RCP has contributed the sum of $13, 415.21 toward said Retainer, consents to

the employment of Darvy Mack Cohan (hereinafter referred to as the "Attorney") as counsel for

the Debtor thereunder and consents to the commencement of the Chapter 11 Bankruptcy.

3.     RCP specifically represents that:

a.     It has had no prior business relationship with the Attorney, and has not been

previously represented by the Attorney.

b.     It is not engaging the Attorney to represent its interests, but it has paid its portion

of the retainer voluntarily on behalf of the Debtor solely because the Debtor is otherwise unable

to pay for the legal services necessary to institute the Chapter 11 bankruptcy proceeding.

c.     It understands that the Attorney's fiduciary duty and duty of loyalty is, shall be

and will be solely to the Debtor and the estate of the Debtor, and not to RCP, and freely waives

any conflict of interest, whether real or apparent, that the Attorney's accepting such retainer may create, or be deemed to create.

      d.    It represents that it has had the opportunity to and has consulted independent counsel and acknowledges that it has no *individual* legal liability for providing payment based upon the Retainer Agreement, that its contributions shall not be deemed a guarantee of the fees and expenses and, further, that its contribution so made shall create no direct obligation by it to the Attorney for fees, or reimbursement of costs that may ultimately be awarded by the Bankruptcy Court pursuant to Bankruptcy Code Section 330.

      I declare under penalty of perjury that the foregoing is true and correct.  Executed on the _11_th day of February, 2010, at DALLAS , Texas.

RICHARD MYERS